UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RODRIGO CORTES, ALVARO RENE MEDINA, EUTEMIO PEREZ, ROSENDO PEREZ, MICAEL RIOS and RAFAEL RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated,

                                                              Plaintiffs,

-against-

26 EAST PIZZA LLC d/b/a PINTAILES PIZZA, 1237 PIZZA CORP. d/b/a PINTAILES PIZZA, YORK AVE. PIZZA CORP. d/b/a PINTAILES PIZZA, 124 4TH AVE. PIZZA CORP. d/b/a PINTAILES PIZZA, YORK 77 PIZZA CORP. d/b/a/ PINTAILES PIZZA and RICHARD WADE,

                                                              Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**07 CV 338 (LTS)**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

**ECF CASE**

       Plaintiffs RODRIGO CORTES, ALVARO RENE MEDINA, EUTEMIO PEREZ, ROSENDO PEREZ, MICAEL RIOS and RAFAEL RODRIGUEZ ('plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys, Lipman & Plesur, LLP, complain of defendants 26 EAST PIZZA LLC d/b/a PINTAILES PIZZA, 1237 PIZZA CORP. d/b/a PINTAILES PIZZA, YORK AVE. PIZZA CORP. d/b/a PINTAILES PIZZA, 124 4th AVE. PIZZA CORP. d/b/a PINTAILES PIZZA, YORK 77 PIZZA CORP. d/b/a/ PINTAILES PIZZA and RICHARD WADE ("defendants"), as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiffs complain on behalf of themselves, and other similarly situated current and former employees of defendants who may elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they were not properly paid overtime premium pay and/or the minimum wage pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA").

2. Plaintiffs further complain that they were not properly paid overtime premium pay, minimum wage and/or spread of hour payments under the New York State Minimum Wage Order for Restaurant Industry, N.Y. Comp. Codes R. & Regs. tit. § 137, the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* ("NYLL").

## JURISDICTION AND VENUE

3. Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims occurred within, and defendants maintain an office within, the Southern District of New York.

## FACTS

5. Plaintiffs and their similarly situated co-workers were employed by defendants in five pizzerias located in Manhattan. They all held positions involving food preparation, delivering food, counter sales, making pizza, washing dishes and other duties or combination of these duties normally associated with a pizzeria.

6. Upon information and belief, defendant Richard Wade is the owner of the

corporate defendants and exercises and maintains operational control over significant aspects of the day-to-day functions of the corporate defendants, including, *inter alia*, establishing and implementing pay policies and employee work schedules.

7. Upon information and belief, defendants were jointly responsible for the failure to lawfully pay plaintiffs and those who opt-in to this action and are joint employers as evidenced by, *inter alia*, common labor policies and the sharing of employees.

8. At all times relevant, defendants were covered by the FLSA and the NYLL.

9. The corporate defendants are located in New York, New York.

10. At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

11. The named plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated who may opt-in to this action under the FLSA are those who are and/or were employed at any of the corporate defendants.

12. Plaintiffs and their similarly situated co-workers regularly worked in excess of forty hours in the workweek. However, plaintiffs and their similarly situated co-workers were not paid overtime premium pay for work hours in excess of forty hours in the workweek.

13. Plaintiffs and their similarly situated co-workers were not always paid the minimum wages required under the FLSA and NYLL.

14. Plaintiffs and their similarly situated co-workers were not paid additional compensation (spread of hours payment) for working in excess of ten hours in a day.

### FIRST CAUSE OF ACTION

15. Plaintiffs repeat and reallege each and every allegation made in paragraphs

1 through 14 of this Complaint.

16. Plaintiffs and their similarly situated co-workers who opt-in to this action are entitled to the minimum wage and overtime premium pay pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*

17. Defendants' FLSA violations were willful.

## SECOND CAUSE OF ACTION

18. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 17 of this Complaint.

19. Defendants' failure to pay the minium wage and overtime pay violated the NYLL, including the New York State Minimum Wage Order for Restaurant Industry, N.Y. Comp. Codes R. & Regs. tit. § 137, the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*

20. Defendants further violated New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR §§ 137-1.7 and 142 by failing to pay extra compensation for days in excess of ten hours.

21. Defendants' violations of the NYLL were willful.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and those who opt-in to this action respectfully request that this Court grant the following relief:

1. Direct defendants to pay owed minimum wages, overtime premium pay and spread of hour payments pursuant to the FLSA and NYLL;

2.   Direct defendants to pay additional amounts as liquidated damages because of defendants' willful violations pursuant to the FLSA and NYLL;

3.   Award pre-judgment interest;

4.   Award plaintiffs the costs of this action together with reasonable attorneys' fees; and,

5.   Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Jericho, New York
       January 8, 2007

Respectfully submitted,

By: _____

Robert D. Lipman (RL 3564)
Lisa R. Lipman (LL 6284)
David A. Robins (DR 5558)
Lipman & Plesur, LLP
The Jericho Atrium
500 North Broadway, Suite 105
Jericho, NY  11753-2131
516-931-0050